UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-  Case No.  8:04-cr-348-T-24 TGW

MICHAEL MALONE

_____/

**ORDER**

This cause comes before the Court on Defendant Michael Malone's Motion to Dismiss. (Doc. No. 174). The Government opposes the motion. (Doc. No. 185).

Defendant Malone is named in Count One (RICO conspiracy) and Count Three (extortion) in a four-count indictment charging six defendants with involvement in a RICO conspiracy and various Hobbs Act violations. In the instant motion, Defendant Malone requests that the Court to dismiss Count Three. For the reasons stated below, the Court denies this motion.

In his motion, Defendant Malone argues that Count Three should be dismissed because the statute alleged to have been violated, 18 U.S.C. § 1951(b), is unconstitutional as applied to the case because Defendant Malone's alleged conduct did not have a substantial effect on interstate commerce. The Government responds that Defendant Malone's motion is premature. The Court agrees with the Government, since the Court has not yet heard evidence in this case, and as such, the Court cannot determine if the facts support a finding that Defendant Malone's conduct had the required effect on interstate commerce. Furthermore, the Court notes that Defendant Malone's argument–that the Government must show that his conduct had a *substantial* effect on interstate commerce–is incorrect. According to U.S. v. Gray, 260 F.3d 1267, 1275-76 (11th Cir. 2001), the Government need only show that Defendant Malone's alleged conduct had a *minimal* effect on interstate commerce.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Michael Malone's Motion to Dismiss (Doc. No. 174) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of May, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record