UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                    Case No.  8:04-cr-348-T-24 TGW

MICHAEL MALONE

_____/

**ORDER**

This cause comes before the Court on Defendant Michael Malone's Motion to Dismiss and Motion for Disclosure of Grand Jury Materials.  (Doc. No. 99).  The Government opposes the motion.  (Doc. No. 113).

**I.  Motion to Dismiss the Indictment**

Defendant Malone is charged by the Indictment as participating in a RICO conspiracy and committing extortion.  Defendant Malone makes several arguments in support of his contention that the Indictment should be dismissed.  Accordingly, the Court will address each argument.

**A.  Identification of the Enterprise**

Defendant Malone argues that the RICO conspiracy charge in the Indictment should be dismissed because it fails to identify the enterprise.  "[T]he definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes, that is, the pattern of racketeering activity requisite to the RICO violation."  U.S. v. Goldin Indus., Inc., 219 F.3d 1271, 1275 (11th Cir. 2000)(citing U.S. v. Elliott, 571 F.2d 880, 898 (5th Cir. 1978)).  The Government responds that the enterprise is the "crew," which is made up of the defendants.

Defendant Malone argues that since the "crew" merely refers to the defendants, the Indictment does not allege a proper enterprise, because the "person" and the "enterprise" must be

distinct.  The Court rejects this argument.  A defendant can be a person and also be *part* of the enterprise.  See id.  "The prohibition against the unity of person and enterprise applies only when the singular person or entity is defined as both the person and the only entity comprising the enterprise."  Id. (citations omitted).

### B.  Relationship Between the Racketeering Activity and the Enterprise

Next, Defendant Malone argues that the RICO conspiracy charge in the Indictment should be dismissed, because (1) the Indictment fails to allege a relationship between the racketeering activity and the enterprise; and (2) the Indictment fails to distinguish between the racketeering activity and the enterprise.  The Court rejects these arguments.

Upon review of the Indictment, the Court find that the Indictment sufficiently alleges a relationship between the racketeering activity and the enterprise.  Furthermore, the Court finds that the Indictment alleges an enterprise that is distinguished from the racketeering activity.  Specifically, the Indictment describes the enterprise as consisting of the crew, and it sufficiently distinguishes the enterprise from the racketeering activity.  Additionally, this Court notes that the Eleventh Circuit has rejected the contention that a RICO enterprise must possess an ascertainable structure distinct from the associations necessary to conduct the pattern of racketeering activity.  See U.S. v. Weinstein, 762 F.2d 1522, 1537 n.13 (11th Cir. 1985).

### C.  Relationship Between the Predicate Acts

Next, Defendant Malone argues that the RICO conspiracy charge in the Indictment should be dismissed, because there is no showing that the predicate acts are related or have continuity.  Defendant Malone argues that since the Indictment lacks specificity regarding when, where, how, by whom, and to whom the predicate acts were committed, relatedness and continuity cannot be shown.  The Court rejects this argument.

Predicate acts must form a pattern, and "in order to prove this pattern, the government must prove that the predicate acts are related to each other and have continuity."  U.S. v. Starrett, 55 F.3d 1525, 1543 (11th Cir. 1995)(citations omitted).  "Predicate acts are related to each other

if they 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" Id. (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 n.14 (1985)). "Predicate acts demonstrate continuity if they are either 'a closed period of repeated conduct,' or 'past conduct that by its nature projects into the future with a threat of repetition.'" Id. (quoting H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 241 (1989)).

Continuity and relationship of racketeering acts are not essential elements of a RICO conspiracy. U.S. v. Cuong Gia Le, 310 F. Supp.2d 763, 775(E.D. Va. 2004)(citations omitted). While the Government must prove both continuity and relationship to prove a pattern of racketeering activity at trial, neither continuity nor relationship need to be alleged in the indictment. See id. (citations omitted); see also U.S. v. Mavroules, 819 F. Supp. 1109, 1118-1119 (D. Mass. 1993). As such, the Court rejects Defendant Malone's argument on this issue.

### D.  Purpose of the Conspiracy

Next, Defendant Malone argues that the RICO conspiracy charge in the Indictment should be dismissed, because the Indictment fails to identify the unlawful purpose of the conspiracy. The Court rejects this argument. The Indictment identifies the criminal purpose of the enterprise as being "to generate money for its members and associates through the commission of various criminal acts." (Doc. No. 1, p.4).

### E.  Specificity of the RICO Conspiracy Allegations

Next, Defendant Malone argues that the RICO conspiracy charge in the Indictment should be dismissed, because the Indictment lacks specificity with regards to: (1) the time period of the conspiracy, (2) when each defendant joined the conspiracy, (3) when and where the predicate acts or agreements occurred, (4) who committed each predicate act, (5) the identification of the victims, (6) the identification of the *modus operandi* for each offense, and (7) the identification of all of the co-conspirators. The Court rejects this argument.

Indictments are only required to provide a minimum level of detail; they are only required to provide such detail as is necessary to "adequately apprise the defendant of the charges, thereby enabling him to prepare his defense." U.S. v. Smith, 230 F.3d 300, 306 (7th Cir. 2000)(citations omitted). As such, the Court rejects Defendant Malone's argument that the Indictment lacks the requisite specificity. See, e.g., U.S. v. Steele, 178 F.3d 1230, 1234 and n.1 (11th Cir. 1999)(stating that when charging a defendant in participating in a conspiracy, the government may refer to a certain duration of time and noting that alleging that an offense occurred within a judicial district was sufficient to describe the location of the offense); U.S. v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983)(stating that alleging that an offense occurred "in the Northern District of Florida and elsewhere" was sufficient to describe the location of the offense); U.S. v. Glecier, 923 F.2d 496, 500 (7th Cir. 1991)(stating that specific predicate acts that the defendant agreed personally to commit do not need to be alleged in a RICO conspiracy charge). The Court notes that Defendant Malone has filed a motion for a bill of particulars and that the Magistrate Judge has granted it to the extent that the Government must provide Defendant Malone with information regarding the criminal acts that the Government intends to prove at trial, along with the location and date of each act.

### F. Effect on Interstate Commerce

Next, Defendant Malone argues that the extortion charge in the Indictment should be dismissed, because it does not contain a sufficient factual basis to show an effect on interstate commerce. The Court rejects this argument. The Court finds that the Indictment is sufficient to withstand a motion to dismiss, because the language in the Indictment tracks the language of the extortion conspiracy statute, 18 U.S.C. § 1951, which sets forth the essential elements of the crime. See U.S. v. Critzer, 951 F.2d 306, 308 (11th Cir. 1992)(citation omitted).

### G. Specificity of the Extortion Allegations

Next, Defendant Malone argues that the extortion charge in the Indictment should be dismissed, because it lacks specificity with regards to (1) the victim, (2) when and where the

4

extortion occurred, and (3) what kind of property was extorted.  As stated above, the Indictment is sufficient to withstand a motion to dismiss.  Indictments are only required to provide a minimum level of detail; they are only required to provide such detail as is necessary to "adequately apprise the defendant of the charges, thereby enabling him to prepare his defense." Smith, 230 F.3d at 306 (citations omitted).  As such, the Court rejects Defendant Malone's argument that the Indictment lacks the requisite specificity regarding when and where the alleged extortion occurred.  See Steele, 178 F.3d at 1234 and n.1; Yonn, 702 F.2d at 1348.

## II.  Motion to Disclose Grand Jury Materials

Next, Defendant Malone argues that the Court should disclose the grand jury transcripts and materials, pursuant to Federal Rule of Criminal Procedure 6(e).  Rule 6(e) allows disclosure of grand jury materials in limited circumstances, such as " preliminarily to or in connection with a judicial proceeding;" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(i) and (ii).  However, "[a] defendant's effort to obtain grand jury materials can only succeed with a showing of 'particularized need.'" U.S. v. Burke, 856 F.2d 1492, 1496 (11th Cir. 1988)(citation omitted); U.S. v. Cole, 755 F.2d 748, 758 (11th Cir. 1985)(citation omitted). Furthermore, "[t]he decision to disclose grand jury proceedings is a matter within the district court's discretion."  Burke, 856 F.2d at 1496 (citation omitted).

Upon consideration, the Court finds that Defendant Malone has failed to show a particularized need for the disclosure of the grand jury transcripts and materials.  As such, the Court denies Defendant Malone's motion on this issue.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Michael Malone's Motion to Dismiss and Motion for Disclosure of Grand Jury Materials (Doc. No. 99) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of May, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record